Hanley. and Welch *vs.* Donoghue.

(Decided 12th January, 1883.)

MICHAEL HANLEY and WILLIAM F. WELCH *vs.* CHARLES DONOGHUE.

*Suit in this State on Foreign judgment—Entirety of judgment— Fatal defect in Pleading.*

On a judgment recovered in Pennsylvania against two defendants, only one of whom was summoned, there can be no recovery in this State against the defendant who was summoned;—the judgment being a nullity as to the party not summoned, is a nullity as to both. A judgment is an entire thing, and cannot be separated into parts.

Where suit is brought against one only of two defendants in a judgment, and the declaration sets out a judgment regularly recovered against both, but fails to aver the death of the party not sued, or to account for his not being joined in the action, such failure is fatal on demurrer.

APPEAL from the Circuit Court for Baltimore County.

This was an action of debt on a judgment rendered in the Court of Common Pleas of Washington County, Pennsylvania. The declaration contained three counts—the first declaring on a normal and regularly obtained judgment against Charles and John Donoghue; the second declaring on a judgment obtained in "a certain other action," which, as there described, is shown to have been in some respects irregular; and the third setting forth also "a certain other" irregular action in much the same way

as the second count. The defendant demurred to all the counts. The Circuit Court sustained the demurrer, and gave judgment for the defendant for costs. The plaintiffs appealed.

The cause was argued before ALVEY, ROBINSON, IRVING, and RITCHIE, J.

*Frederick J. Brown,* for the appellants.

The demurrer to the first count should have been over-ruled, because—when a judgment has been rendered against two (or more,) they are jointly *and severally* bound by it, and *either* of them can be sued on the judgment. The question is simply this: Does a judgment bind *each* of those against whom it is rendered, or does it only bind them *all together?* A careful consideration will, it is sub-mitted, lead us to the view that the judgment binds *each* of them—that it is the *several* obligation of each, as well as the *joint* obligation of all. *Hill vs. Snyder,* 7 *La. Ann.,* 557; *Martin vs. Branch Bank,* 15 *Ala.,* 587; *Blake vs. Burley,* 9 *Iowa,* 592; *Judd, &c. Co. vs. Hubbell,* 76 *N. Y.,* 543; *Wells vs. Ghiselin,* 1 *H. & McH.,* 91.

When a judgment has been rendered jointly against two defendants, *one of whom was not summoned,* and it is allowed to stand unreversed, it is not *void,* but only *void-able,* that is to say *valid,* as against the summoned defend-ant, and he can be sued on it in another State. 19 *Am. Law Register, N. S.,* 673; 32 *American Decisions*—note (by A. C. Freeman) to the case of *St. John vs. Holmes,* 20 *Wend.,* 609, and authorities cited in said note and in the *Law Register's* article; *Reed vs. Pratt,* 2 *Hill,* 64; *Gray vs. Stuart,* 33 *Grattan,* 351; *Bacon vs. McBean,* 3 *Upper Canada, Q. B.,* 305.

The summoned defendant in the irregularly rendered judgment, may be sued *alone* in another State, and the plaintiff may declare upon the judgment as upon a judg-

ment *binding him alone.* See *Bacon vs. McBean,* 3 *Upper Canada, Q. B.* 305, and 19 *Am. Law Register,* cited above.

*Edward C. Eichelberger,* and *John I. Yellott,* for the appellee.

The jurisdiction of the Court over the person or thing against whom or which its judgment or decree is pronounced, is a pre-requisite to the validity of such judgment or decree; and the judgment of the Court of Common Pleas of Washington County, Pennsylvania, rendered on the 4th of June, 1877, against John Donoghue, upon a joint obligation of John and Charles Donoghue, was utterly null and void, for the reason that the Court did not possess jurisdiction over John, who was never summoned, and never appeared in person or by attorney. *Koechlept vs. Hook's Lessee,* 10 *Md.,* 174, 179; *D'Arcy vs. Ketchum,* 11 *Howard,* 165, 174, 176; *Hall vs. Williams,* 6 *Pick.,* 232; *Starbuck vs. Murray,* 5 *Wendell,* 148-158; *Shumway vs. Stillman,* 6 *Wendell,* 452; *Pennoyer vs. Neff,* 95 *U. S.* 714, 720, 728, 730 *to* 733; *Thompson vs. Whitman,* 18 *Wall.,* 457; *Weaver vs. Boggs,* 38 *Md.,* 261, 263; *Gilman vs. Gilman,* 126 *Mass.,* 26.

The judgment as rendered by the Court of Common Pleas of Washington County, and as it now stands upon the records of said Court, and is declared upon in this case, is an entirety, and if void as to one defendant is void as to all, and if erroneous as to one is erroneous as to all. It was a joint judgment entered upon a joint obligation, and as an entirety, if void as to one must be void as to the other also. 2 *Saunders,* 101; *Hall vs. Williams,* 6 *Pick.,* 232; *Holbrook vs. Murray,* 5 *Wendell,* 161; *Donnelly vs. Graham,* 77 *Pa. St. Rep.,* 274 *to* 276; *Shuford vs. Cain,* 1 *Abb. U. S. Circuit Ct. Rep.,* 302, 310; *Benner vs. Welt,* 45 *Maine,* 483; *Ruffum vs. Ramsdell,* 55 *Maine,* 252; *Covenant Life Ins. Co. vs. Glover,* 36 *Mo.,* 392; *Richard*

*vs. Walton,* 12 *Johns.,* 434; *Kitchens vs. Hutchins,* 44 *Geo.,* 620; *Commercial Bank vs. Wilson,* 14 *Grant Ch.,* 431; *Vorhis vs. Gamble,* 6 *Mo. App.,* 1; *Van Ranseleear vs. Whiting,* 12 *Mich.,* 449; *Jansen vs. Varmine,* 89 *Ill.,* 100; *Johnson vs. Lough,* 22 *Minn.,* 203; *Cole vs. Pennel,* 2 *Randolph,* 174; *Kelly vs. Bandini,* 50 *Cal.,* 530; *Freeman on Judgments, secs.* 43 *and* 136, (3d *Edition, last;) Rangley vs. Webster,* 11 *N. H.* 290; *Beckley vs. Newcomb,* 24 *N. H.,* 359.

The declaration filed in this cause sets forth as a cause of action a joint judgment against Charles Donoghue, together with a certain John Donoghue, recovered by the plaintiffs against the said defendants jointly, in the Court of Common Pleas of Washington County, Pennsylvania, which judgment as set forth in said declaration, is a joint judgment, still in force, unreversed and unsatisfied in said Court; whereas, this suit is instituted against Charles Donoghue alone, being only one of the joint obligors in the judgment, and the non-joinder of John Donoghue, the other joint defendant is unaccounted for by any sufficient averment in the declaration. *Revised Code, Art.,* 64, *sec.* 51; *Merrick vs. Bank of The Metropolis,* 8 *Gill,* 64; *Kent vs. Holliday,* 17 *Md.,* 393; *State vs. Magraw,* 12 *G. & J.,* 265; *State vs. Wheeler,* 14 *Md.,* 108; *Freeman on Judgments, sec.* 43 (3d *Ed.*)

ROBINSON, J., delivered the opinion of the Court.

It appears from the pleadings in this case, that suit was brought in Pennsylvania against Charles and John Donoghue on a joint contract; that Charles was regularly summoned, but no process of any kind was issued against John, nor did he appear, in person or by attorney, to the suit. Judgment was however subsequently recovered against both defendants, and on this judgment, suit is brought in this State against Charles. In support of this action, it is contended, that the *foreign judgment although void* as to

Hanley and Welch *vs.* Donoghue.

John is valid and binding on Charles, the party who was summoned.

At common law a judgment was regarded as an *entire thing*, and being an entirety it has been held repeatedly, that it could not be affirmed as to one or more defendants, and reversed as to others. It must either be affirmed as a whole or reversed as a whole. *Cutting vs. Williams,* 1 *Salk.,* 24; *Parker vs. Harris,* 1 *Ld. Rayd.,* 825; *Lloyd vs. Pearse, Croke Jac.,* 425; 2 *Saunds. Rep.,* 101; 2 *Bac. Abr.,* 228, *marg.*

Thus in an action of trespass against two or more defendants, if one of them died pending the suit, and judgment was rendered against all, it was decided that the *entire judgment* must be reversed; and for the reason, that being an *entirety* it could not be affirmed in part and reversed in part. 2 *Bac. Abr., Letter E,* 228.

But conceding this to be the law where a judgment is affirmed or reversed on appeal or on a writ of error, the argument is that the rule does not apply to a suit brought upon a foreign judgment recovered against two or more defendants, only one of whom was summoned, and which judgment has been permitted to stand unreversed and unchallenged. In such a case, the appellant contends the judgment is valid and may be enforced *against the party summoned* in the original action, though *void as to the parties* against whom no process was issued. Now in determining this question, we must not lose sight of the distinction between *void and voidable judgments.* A judgment rendered by a Court having jurisdiction over the subject-matter and the person, is unquestionably conclusive and binding on the parties, unless reversed or set aside in some mode or manner prescribed by law. But it is essential to the validity of a judgment *in personam,* that the Court should have jurisdiction over the parties, and if rendered without such jurisdiction, it is a mere *nullity.* Such a judgment is not merely erroneous because

of some irregularity in the mode of proceeding, or error on the part of the Court in the application of the law to the particular case, and for which the party aggrieved must seek a remedy by appeal or writ of error, but being a judgment, rendered without jurisdiction, it is absolutely void, and may be assailed at all times, and in all proceedings by which it is sought to be enforced.

If then a judgment could not at common law be affirmed in part and reversed in part, because of its *entirety,* for the same reason, if a suit is brought in this State on a foreign judgment which is admitted to be void as to some of the defendants, such a judgment must be held to be void as to all. The reason of the law is that the judgment is an *entire thing,* and cannot be separated into parts. If execution is issued on such a judgment, it must be issued against all the defendants.

The question now before us was fully considered in *Hall vs. Williams,* 6 *Pick.,* 232, where a suit was brought in Massachusetts on a judgment recovered in Georgia against two defendants, and it appeared from the record that one of the defendants had never been summoned, and had never appeared in person, or by attorney, to the suit brought against him in Georgia. And it was held, PARKER, C. J., delivering the opinion of the Court, that the judgment being *entire,* if it was a nullity with respect to one, it was a nullity also as to the other defendant. In the still later case of *Wright vs. Andrews,* decided in 1881, 130 *Mass.,* 150, the question was again argued before the Court, and the decision in 6 *Pick.,* was approved, GRAY, C. J., saying, that if the "Court had no jurisdiction of one defendant, its judgment being entire and unqualified, is, in the absence of any evidence of the law of Maine upon the subject, void against both." These decisions have been followed by the Courts of Maine, New Hampshire and in other States. 45 *Maine,* 183; 11 *N. H.,* 290; 1 *Abbott, U. S. C. R.,* 302. In *Motteux vs. St. Aubin, et al.,*

2 *W. Black.*, 1133; *Ashlin vs. Langton*, 4 *Moore & S.*, 719; *Gerard vs. Basse*, 1 *Dall.*, 119; *Silver vs. Reynolds*, 2 *Harr., N. J.*, 275. Courts have permitted judgments, on motion, some of them in the exercise of a quasi-equitable jurisdiction, to be set aside as to one defendant and to stand as to others. And in some States it has been decided that a judgment may be valid as to one defendant and void as to others. *Douglass' Lessee vs. Massit*, 16 *Ohio*, 271.

The weight of authority is we think decidely the other way, and in accord with the law as laid down in *Hall vs. Williams*, 6 *Pick.*, 232. Looking at the question from an equitable standpoint purely, there is some force in the appellants' contention, that a judgment may and ought to be held valid as to parties summoned, and who had an opportunity to make their defences, even though it may be void as to others, against whom no process was issued. But if it be well settled, and such seems to be the law, that a judgment which is void as to one of the defendants is void also as to the other, the plaintiff in taking such a judgment has no one to blame but himself. In bringing suit against two parties on a joint contract, it was his duty to have directed process to be issued against both, and if he failed to do so, and subsequently took a judgment against one of the defendants who never had been summoned, he has no right to complain because the law will not enforce the payment of such a judgment. For these reasons the demurrer to the second and third counts, was properly sustained.

The first count, sets forth a judgment regularly recovered against both defendants; the suit is brought however against one only, and without any suggestion of the death of the other. Both were jointly and severally liable on the judgments, and both ought to have been sued, or some reason alleged why the other was not joined in the action. *Merrick vs. Bk. of the Metropolis*, 8 *Gill*, 64;

*Kent vs. Holliday*, 17 *Md.*, 393; *State vs. Magraw*, 12 *G. & J.*, 265.

This was decided in *Prather vs. Manro*, 11 *G. & J.*, 261, where upon a judgment against two defendants, a *scire facias* was issued against the terre-tenants of one of the defendants, only, without suggesting the death of the other, and upon demurrer this defect was held fatal.

Finding no error in the rulings below, the judgment will be affirmed.

*Judgment affirmed.*

(Decided 19th January 1883.)