FAUL *v.* BEUCUS.

| 124 | 25 |
| 150 | 552 |

JUSTICES OF THE PEACE—ATTACHMENT AND GARNISHMENT—SERVICE AND RETURN.

1 Comp. Laws 1897, § 731, relating to the service of writs of attachment issued from justice's court, provides that if defendant cannot be found within the county, and has no last place of residence therein, a copy of the writ and inventory may be left with any person in possession of the goods attached; or, in case garnishment proceedings are commenced simultaneously with the issuing of the writ, and no goods are found on which to levy the writ, "then [service may be made] by leaving a certified copy of said writ with such garnishee defendant." *Held*, that a return setting

forth, merely, that defendant could not be found within the county, and had no last place of residence therein, nor any goods there subject to levy; that the officer had served garnishee summons on certain persons, and had served a copy of the attachment on a certain other person, who had acted as defendant's agent,—conferred no jurisdiction on the justice to render judgment against the defendant, even though the garnishee process did not issue until after the expiration of the time within which the attachment might lawfully be served.

Error to Barry; Smith, J.    Submitted April 12, 1900. Decided May 2, 1900.

Attachment proceedings in justice's court by George Faul against Thomas Beucus and others, in which proceeding Frank F. Hilbert and others were garnishees. There was a judgment for plaintiff, and the principal defendants removed the cause to the circuit court by *certiorari*. From a judgment there for plaintiff, defendants bring error. Reversed.

*Lombard & McAllister*, for appellants.

*C. S. Palmerton*, for appellee.

LONG, J.    The above cause was commenced in justice's court by suing out a writ of attachment on March 7, 1899, against the principal defendants.    On March 16th following, three affidavits in garnishment were filed with the justice by the plaintiff, and a writ of garnishment was issued in each case against the garnishee defendant.    The writs of garnishment were in the usual form.    The return to each of these writs recites that the writ was served on the garnishee defendant therein named by reading the same to him, and leaving him a copy, and paying him his fees of 50 cents.    The attachment by which the proceeding was commenced against the principal defendants was not served on any one of the principal defendants, and no copy of the attachment was served on any one of the garnishee defendants.    The officer's return indorsed on the writ of attachment recites:

"I diligently searched for the within-named defendants, or one of them, within said county of Barry, during all the time that I could legally do so, and was not able to find the said defendants, or either of them, within said county, nor find that said defendants, or either of them, had any last place of residence within said county of Barry; nor could I find any property within said county of Barry belonging to said defendants, or either of them, to levy upon. I do further certify that I served garnishee summons on Frank F. Hilbert, Charles S. McIntyre, and Eddie McArthur, said to have property, money, and effects in their hands and under their control belonging to said defendants. I do further certify and return that I served a copy of the within attachment, duly certified by me, on B. S. Holly, who has acted in the capacity of agent for said defendants, on the 11th day of March, 1899."

It appears that on the return day of the writ of attachment, no one appearing for defendants, the cause was adjourned to April 24th. On that day, none of the defendants appearing, the justice rendered judgment in favor of plaintiff and against the principal defendants in the sum of $16.86 and $4.08 costs. The garnishee defendants each filed disclosures, by which it appeared that garnishee defendant Hilbert was indebted to the principal defendants in the sum of $7.79, defendant McIntyre in the sum of $7.35, and defendant McArthur in the sum of $7.35. The justice, on the next day after the entry of judgment against the principal defendants, entered judgments against the garnishee defendants for the amount of plaintiff's judgment against the principal defendants. The principal defendants removed the cause to the circuit court for Barry county by writ of *certiorari.* On the hearing there the judgment rendered by the justice was affirmed, and the defendants now bring the case into this court by writ of error.

The principal error assigned in the affidavit for the writ of *certiorari* is that none of the principal defendants was ever served with process; that no property of the principal defendants, or of any other party, was seized or attached under the writ of attachment; that none of the principal

defendants ever appeared in the cause, nor did any of them waive service of said writ; that, therefore, the justice never had jurisdiction of the persons or property of the principal defendants, and could render no judgment against them; and, in consequence thereof, the judgments rendered against the garnishee defendants were void.

The only question in the case is whether the justice had jurisdiction. 1 Comp. Laws 1897, § 731, provides for service of attachment in such cases as follows:

"If the defendant cannot be found within the county, the constable shall leave a copy of the attachment and inventory, certified by him, at the last place of residence of the defendant, if there be any such place within the county, and, if not, then by leaving the same with any person in whose possession such goods and chattels, moneys and effects, may be found; or, in case garnishee proceedings shall be commenced simultaneously with the issuing of said writ, and no goods, chattels, or effects shall be found on which to levy such writ, then by leaving a certified copy of said writ with such garnishee defendant."

The proceeding is statutory, and must be strictly followed, to give the justice jurisdiction. No service was had as provided by the statute above quoted. All the service that was made on the principal defendants was by leaving a certified copy of the writ with one B. S. Holly, who, the constable says, "has acted in the capacity of agent for said defendants." Neither was there any service of the attachment and inventory on the garnishee defendants, as provided by the act. This is not such service as required by the statute, and the justice had no jurisdiction to render judgment in the cause.

The judgment of the circuit as well as of the justice's court must be reversed, and a judgment entered here in favor of defendants for the costs of both those courts, as well as of this court.

The other Justices concurred.