KITTRELL *v.* PERRY LUMBER CO.

(*Jackson.*    May 18,    1901.)

GARNISHMENT.   *Insufficient notice.*

Notice of garnishment is insufficient to require appearance and answer by a corporation, which is addressed to an individual, naming him as agent of the corporation, and only requiring him personally to answer as to the debtors' assets in his hands.

---

FROM   PERRY.

---

Appeal in error from Circuit Court of Perry County.   LEVI S. WOODS, J.

SLOAN & GREER for Kittrell.

McCALL & LANCASTER for Lumber Co.

WILKES, J.    The question presented in this case is, whether the Court acquired jurisdiction of the Perry Lumber Company by the service of a garnishment notice in an attachment proceeding. This garnishment proceeding was intended to be against the Creelman Lumber Company, and to have that company answer and disclose property of the Perry Lumber Company in its hands, or under its control.

The garnishment notice is in the following words:

"*Mr. Chas. M. Bates, Agent for F. E. Creelman Lumber Company:*

"By virtue of an attachment in my hands in favor of J. M. Kittrell and Webb and Wall against the estate of the Perry Lumber Company, I attach all the property, choses in action, and effects of every kind in your hands belonging to the said Perry Lumber Company, and all debts you or your firm owe them. And I notify you to appear at the next term of the Circuit Court of Perry County, to begin on the first Monday in December, 1898, in the town of Linden, to answer on oath such questions as may be asked you touching the property and effects of the said Perry Lumber Company, and to retain possession of all their property that now is, or may hereafter, come into your custody, or under your control, to answer this garnishment. This August 20, 1898.

"W. T. Dobbs, *Deputy Sheriff.*

"[INDORSED.]

"Executed by reading to and leaving a true copy with Charles M. Bates, agent, August 20, 1898."

It is evident that this notice is not to the Creelman Lumber Company, but to Charles M. Bates. The designation of Mr. Bates as agent for the Creelman Lumber Company is a mere *description personal.* The company is not obligated by this notice to make an appearance and answer. It will be noted that

the notice does not require Mr. Bates, in express terms to, disclose whether the Creelman Company has any property of the Perry Lumber Company, but only to make disclosure as to himself. We think that the Court acquired no jurisdiction of the Creelman Lumber Company, or the Perry Lumber Company, by this notice and its service, and all steps taken thereafter were unauthorized and void as to the companies.

There are other matters raised in the case which we deem unimportant, as the present question is controlling, and its decision is conclusive.

The judgment of the Court below is affirmed, with costs.