EDWIN M. WILMER *vs.* JACOB EPSTEIN, NATHAN
EPSTEIN, ABRAHAM I. WEINBERG AND
A. RAY KATZ, CO-PARTNERS TRADING AS
BALTIMORE BARGAIN HOUSE, JACOB
EPSTEIN, PROPRIETOR.

*Attachment; service of summons on garnishees; must be per-
sonal; against partnership. Void judgments:
injunction to restrain.*

Before a valid judgment *in personam* can be rendered, juris-
diction of the person of the defendant must be acquired by
personal service of process upon him, or by his voluntary
appearance. p. 143

Service of an attachment and *scire facias* upon an individual
who is not a member of the firm intended to be made gar-
nishee is not sufficient to give the Court jurisdiction to ren-
der a judgment of condemnation against the firm. p. 144

The service of the summons must be a personal one, and the
officer charged with the duty of serving it is not authorized
to leave a copy of it at the office, house or place of business
of the defendant and return him summoned, nor upon his
wife, agent or partner. p. 144

A judgment *in personam* where no jurisdiction of the per-
son is obtained is wholly void, and the enforcement of such a
judgment may be restrained in equity. p. 145

The right to such equitable relief rests upon the ground that
the judgment is a nullity, and does not depend upon the
ability of the party against whom it was rendered to show
that he had not independent information as to the pendency
of the suit. p. 145

Under section 33 of Article 9 of the Code, wages or hire, not actually due, are not attachable, and $100.00 of such wages or hire are always exempted.                    p. 146

Garnishees against whom a suit of condemnation has been entered in an invalid proceeding are entitled to an injunction to restrain the same without being required first to submit to the annoyance of a levy on their property before seeking the protection of a court of equity.                    p. 147

*Decided June 25th, 1911.*

Appeal from the Baltimore City Court (NILES, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, PATTISON, URNER and STOCKBRIDGE, JJ.

*David Ash,* for the appellant.

*Martin Lehmeyer,* for the appellees.

URNER, J., delivered the opinion of the Court.

The object of this suit is to restrain the enforcement of a judgment alleged to be void for want of jurisdiction. It is stated in the bill of complaint filed by the appellees in the Court below that they are co-partners trading as Baltimore Bargain House, Jacob Epstein, proprietor; that a certain John O'Grady was in the year 1910, and still remains, in their employ, at a salary of $13.00 per week, as packer in their millinery department; that his wages were always paid him weekly and never accumulated, and they at no time owed him for more than one week's services; that on or about August 2, 1910, they received a letter from the defendant in which he claimed that on February 17, 1910, a judgment of condemnation was rendered i nhis favor against the complainants as garnishees of O'Grady for the sum of $58.39, with interest and costs, by a designated justice of the peace of Baltimore City; that this was the first

intimation or notice they had of the existence of the judgment; that they were never summoned in the case in which it was rendered, and the attachment was never laid in their hands, and that the judgment was not recorded and notice given them of its entry until the time for appeal had expired. The bill asserts that the judgment of condemnation is consequently void. A certified copy of the justice's record was exhibited with the bill. It shows that the attachment in question was issued on a judgment against O'Grady for $57.81, and was docketed in the name of the appellant against "Baltimore Bargain House, Garnishee of John O'Grady;" that the writ was returned "served," as was also a *subpoena duces tecum* issued by order of the judgment plaintiff; that the garnishee failed to appear on the day set for the hearing of the case, and there was a trial *ex parte* resulting in a judgment of condemnation for the amount already stated. The writ was directed to a constable of Baltimore City. It contained the usual *scire facias* clause commanding the officer to "make known" to the garnishee to appear on the return of the writ and show cause why the attached credits should not be condemned and execution therefore issued. The constable's return is as follows: "By virtue of this writ to me directed, laid in the hands of Baltimore Bargain House, by service on George R. Nelson, Supt., this 27th day of January, 1910, at 11 o'clock A. M., and made known this writ to said firm as garnishee as I am commanded, and served notice of day, date and hour of hearing thereof on the said garnishee who refused to receive the same." This was supplemented by the following endorsement: "I hereby certify that on January 27th, 1910, I laid the within writ in the hands of the Baltimore Bargain House by service on George R. Nelson, Supt., at 11 o'clock A. M., and that the said Nelson declined and refused to receive the notice of the attachment on the ground solely that the judgment was not attachable."

The bill of complaint makes allegations to the effect that the defendant concealed from the complainants the fact that

the judgment of condemnation had been obtained until it was too late for an appeal; that the complaints have never had any moneys, property or credits in their hands belonging to the original judgment debtor which were liable to attachment; that by reason of the act of the defendant in concealing the existence of the judgment the complainants are without remedy at law, as the time within which they could have taken an appeal has expired; that they have not been guilty of laches or negligence in the premises; and that it would be inequitable to allow the judgment of condemnation to be enforced. There were prayers for a cancellation of the judgment, for an injunction against its enforcement, and for general relief.

The defendant demurred to the bill, and this appeal is from an order of the Court below overruling the demurrer and requiring an answer to be filed.

It is contended by the appellant that the bill is deficient in not alleging want of knowledge by the complainants of the pendency of the attachment. The theory of this objection is that even though there may have been no service of process upon the firm sought to be affected by the garnishment, yet if its members had actual knowledge of the suit, their only remedy was to contest in that action, and, on appeal, the jurisdiction of the magistrate to render judgment of condemnation. It is urged, therefore, that inasmuch as the bill denies that the writ was served upon the complainants, but does not deny that they knew of the attachment in time to make a defence in that proceeding, the demurrer should have been sustained.

It is elementary law, that before a valid judgment *in personam* can be rendered, jurisdiction of the person of the defendant must be acquired either by personal service of process upon him or by his voluntary appearance. 2 *Poe on Pleading and Practice,* 3rd Ed., sec. 62; 23 *Cyc.* 684. In this case the demurrer admits in effect that the only service of the attachment and *scire facias* was upon an individual who was not a member of the firm intended to be made gar-

nishees. We do not understand it to be contended that this was sufficient to give the Court jurisdiction to render the judgment in question, and it is clear upon principle and authority that such a contention, if made, could not be sustained. *Westcott* v. *Smith Premier Co.,* 112 Md. 146; *Kittrell* v. *Perry Lumber Co.* (Tenn.), 64 S. W. 48; *Faul* v. *Beucus* (Mich.), 82 N. W. 659. In 2 *Poe on Pleading and Practice,* 3rd Ed. 62, it is said: "The service of the summons must be a personal one, and the officer charged with the duty of serving it is not authorized to leave a copy of it at the office, residence or place of business of the defendant and return him as summoned, nor to serve it upon his wife, agent or partner." Under our statute, it is only where direct service upon the person sued is prevented within the jurisdiction by "threats, violence, intimidation or superior force," interposed on his behalf, or he is within a fortified place into which the officer can not enter without force or personal risk, that constructive or substituted service is permitted. Code, Art. 75, sec. 166. It is specially provided by sections 11 and 29 of Article 9 of the Code, that the writ of attachment, in a case like the present, "shall contain a clause commanding the sheriff or other officer, at the time of executing the said attachment, to make known to each person in whose hands or possession the lands, tenements, goods, chattels and credits so attached are, if to him it shall seem meet, to be and appear in the return of such attachment before the court out of which it issued, to show cause why such lands, tenements, goods, chattels or credits so attached should not be condemned and execution thereof had and made as in other cases of recoveries and judgments given in courts of record." In view of these provisions, as well as upon the general rule of law we have stated, we can have no doubt that the service of process shown upon the face of the proceeding in this case was ineffective to give the justice of the peace jurisdiction to render the judgment here sought to be restrained.

The question to be determined, when reduced to its sim-plest form, is whether a court of equity must refrain from interfering with the enforcement of a personal judgment rendered without jurisdiction of the person, merely because the ostensible defendant does not aver and prove that he did not know of the pendency of the action. It is a firmly established principle that a judgment *in personam*, where no jurisdiction of the person is obtained, is wholly void. *Hanley* v. *Donoghue*, 59 Md. 243; *Horner* v. *Popplein*, 112 Md. 591; *Clark* v. *Bryan*, 16 Md. 171; *Clark* v. *Wills*, 203 U. S. 164. In *Hanley* v. *Donoghue, supra,* it is said: "But it is essential to the validity of a judgment *in personam* that the court should have jurisdiction over the parties, and if rendered without such jurisdiction it is a mere nullity. Such a judgment is not merely erroneous because of some irregularity in the mode of proceeding, or error on the part of the Court in the application of the law to the particular case, and for which the party aggrieved must seek a remedy by appeal or writ of error, but being a judgment rendered without jurisdiction, it is absolutely void and may be assailed at all times, and in all proceedings by which it is sought to be enforced."

In harmony with this doctrine it is well settled that the enforcement of judgments thus invalid may be restrained in equity. *Horner* v. *Popplein*, 112 Md. 591; *Miller* v. *M. and St. L. R. Co.* (Ia.), 93 N. Y. 76; *Truitt* v. *Darnell* (N. J. Eq.), 55 Atl. 692; *St. Louis and S. F. Ry. Co.* v. *English* (Tex.), 109 S. W. 424; *Kochman* v. *O'Neill* (Ill.), 66 N. E. 1047; *Pomeroy's Eq. Jur.,* 3rd Ed., vol. 6, secs. 663 *et seq.; High on Injunctions,* 3rd Ed., vol. 1, sec. 229. The right to such equitable relief rests upon the ground that the judgment is a nullity and does not depend upon the ability of the party against whom it was rendered to show that he had no independent information as to the pendency of the suit. In *Wilcke* v. *Duross* (Mich.), 107 N. W. 907, there was service of process on the daughter of the person intended to be summoned and the latter had actual knowledge of the proceeding, but the Court held that there was no jurisdiction to

enter judgment against the person sought to be served by the writ and that equity would restrain its enforcement. It was held in *David Bradley Mfg. Co.* v. *Burrhus* (Ia.), 112 N. W. 765, that where there was no proper service of notice or voluntary appearance as provided by the statute, it was immaterial whether the one proposed to be subjected to the judgment may have otherwise received knowledge of the action. The same principle was applied in *Harrell* v. *Mexico Cattle Co.*, 73 Tex. 612, and *Savings Bank of St. Paul* v. *Authier*, 52 Minn. 98, and the general rule to this effect is stated in 23 *Cyc.* 685.

The facts of the case before us are ample, in our opinion, to entitle the appellees to equitable relief even upon the assumption that they were aware of the attempt to make them garnishees. It is admitted by the demurrer that the weekly wages sought to be attached were always paid as they accrued and that they never accumulated. It thus appears that when the attachment was laid there could not have been more than $13.00 due from the appellees to the original judgment debtor. By section 33 of Article 9 of the Code, it is provided that wages or hire not actually due shall not be attachable, and $100.00 of such wages or hire shall "always be * * * exempt from attachment by any process whatever." In the face of this provision and upon the facts here conceded, the attaching creditor had no right to a judgment for any amount against these appellees. *First Natl. Bank* v. *Weckler*, 52 Md. 41. Yet, notwithstanding the failure of personal service apparent from the constable's return, and in spite of the declaration which it reported from the appellee's agent, that they had no attachable funds in their hands, the action was pressed to the *ex parte* judgment in controversy. Under these circumstances, presented by due averments in the bill, we have no hesitation in holding that the demurrer was properly overruled.

In the numerous cases cited by the appellant the parties complaining of the judgments had been actually summoned, or had voluntarily appeared to the summons, and had neg-

lected to make available defences. The principle of these cases is entirely consistent with the doctrine upon which we base our present decision.

It was urged that there is no occasion shown on this record for intervention by injunction because the bill does not allege any attempt to execute the judgment. The appellant's letter exhibited with the bill calls the attention of the appellees to the judgment of condemnation, informs them that the time for appeal has expired, and requests payment without further delay. This plainly portended an enforcement of the judgment, and the appellees were not required to submit to the annoyance of a levy on their property before seeking the protection of a court of equity. *Brauer* v. *Refrigerating Co.,* 99 Md. 381; *Didier* v. *Merryman,* 114 Md. 434.

*Order affirmed, with costs, and cause remanded.*