## COOK ET UX. *v.* ALEXANDRIA NATIONAL BANK

[No. 22, September Term, 1971.]

*Decided October 15, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

Ernest Cook, in proper person, with whom was Anne Cook, in proper person, on the brief, for appellants.

*William N. Rogers,* with whom were *Carr, Scott, Thompson & Diuguid* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

This case apparently lends credence to that Shakespearian adage "Neither a borrower nor a lender be

148

. . . ." [1] The appellants, Ernest and Anne Cook together with others borrowed $35,000 from the appellee, Alexandria National Bank but then failed to tender repayment. For that reason this suit was initiated. It began in the Circuit Court for Montgomery County, the domicile of the Cooks, and following a brief sojourn in Carroll County was finally removed to the Circuit Court for Harford County for trial. Judge Close, after considering cross motions, granted the bank a summary judgment for the full amount of the loan plus interest. The debtors appeal this decision but since we can find no legal and certainly no moral reason which would merit their success, we will affirm the trial court.

The facts are quite simple and undisputed. On June 12, 1967 the Cooks along with C. H. McFarland and his wife borrowed $35,000 from the bank to use in connection with a business venture in northern Virginia. This transaction was evidenced by a ninety day promissory note which contained a typical "confession of judgment" provision to facilitate the bank's recovery of the debt, should there be a default. Such default did occur with the result that on October 11, 1967 the bank obtained judgment by confession in the Corporation Court of the City of Alexandria, Virginia, against both the Cooks and McFarlands. But alas, the bank received no satisfaction and brought suit in Maryland by filing a declaration containing the common counts and a special count to enforce the Virginia judgment. After instituting this Maryland litigation appellee became aware that the Cooks had never been properly served or otherwise notified concerning the Virginia confessed judgment proceedings, as required by the Code of Virginia (1950, 1957 Repl. Vol.), Title 8, § 8-362. This section provides: [2]

---

1. Shakespeare, *Hamlet*.
2. The procedure for recording a judgment by confession in Virginia under §§ 8-355 -366 of their code and the procedure in this state under Maryland Rule 645 are quite similar. There is, however, at least one basic difference. In Virginia a judgment becomes void by operation of the statute when notice of its recording is not served within 60 days of entry. Under the Maryland Rules the judgment does not become void for failure to serve notice by a specified time.

"If a judgment is confessed by an attorney in fact, it shall be the duty of the clerk within ten days from the entry thereof to cause to be served upon the judgment debtor a certified copy of the order . . . . The failure to serve a copy of such order within sixty days from the date of entry thereof shall render such judgment *void* as to any debtor not so served. Service of a copy of such order on a nonresident judgment debtor . . . by the clerk of the court sending a copy of such order by registered mail to such nonresident judgment debtor at his last known postoffice address and the filing of a certificate with the papers in the case showing that such has been done or of a receipt showing the receipt of such registered letter by such nonresident judgment debtor, shall be deemed sufficient service thereof for the purposes of this section." (Emphasis added.)

The bank, thereupon, without opposition from the appellants sought and obtained leave to amend its declaration to add a second special count setting forth the underlying debt.

The litigants filed cross motions for summary judgment and since there are no factual disputes as to the question of the debt, lack of repayment, or failure of proper notice, it is clear that one of these motions should be granted. Maryland Rule 610 d 1. The Cooks base their appeal, though unpersuasively, on the contention that the trial court granted the wrong motion.

The appellants initially assert that they have legal defenses to this action sufficient to prevent a judgment, based on either the Virginia litigation or the underlying debt, from being entered against them. They point out that under the explicit provision of the statute (Virginia Code, § 8-362) the Virginia judgment is void and therefore suit to enforce it cannot be maintained in any jurisdiction. Not surprisingly there is no disagreement

with this statement by either the trial court or the appellee bank. However, the Cooks after apparently starting out on the right path, stumble in pursuit of their dubious goal. They next reason that since the bank instituted this Maryland suit to enforce a void judgment, not only can they not enforce it, but by even filing such a claim in Maryland the appellee has made an irrevocable election of remedies. This election, they contend, completely forecloses any right appellee might have had to prosecute the action on the original obligation. This argument is vacuous for it is clear even to the casual observer that under Maryland Rule 313 the bank had every right to pursue claims independently or alternatively in the same cause of action. It is of course true that in the event of a conflict the appellee may be required to select which of the alternative methods to follow to final judgment and a valid judgment, following such an election, will bar recovery on any other theory in subsequent proceedings.

The decisions of this court have recognized this modern trend in the rules of pleading and we have adopted the proposition that an irrevocable election is not made *until after* a final valid judgment. The mere initiation of a suit, prior to its becoming a final valid judgment, does not constitute an election which would bar either an amended claim from being filed in the same action or a totally different remedy in an independent action. *City of Baltimore v. Landay,* 258 Md. 568, 267 A. 2d 156 (1970) ; *Pemrock, Inc. v. Essco Co.,* 252 Md. 374, 249 A. 2d 711 (1969) ; *Keefauver v. Richardson,* 233 Md. 545, 551, 197 A. 2d 438 (1964) ; *Levin v. Singer,* 227 Md. 47, 60-61, 175 A. 2d 423 (1961) ; *State Roads Comm. v. Smith,* 224 Md. 537, 168 A. 2d 705 (1961) ; *Perdue v. Brittingham,* 186 Md. 393, 401, 47 A. 2d 491 (1946).

Appellants' next contention is that under the doctrines of merger and res judicata the bank's effort to obtain a new judgment must fail. They argue that since the Virginia judgment was valid when recorded and for sixty

days thereafter, the original cause of action was literally merged into and extinguished by that judgment so as to make it res judicata to this entire Maryland action, when the final judgment became void. This nugatory claim ignores the plain and simple fact that the Virginia judgment, for the first sixty days, was not final but rather a tentative judgment which could have been reprieved from the statutory death sentence by the clerk of the court giving the defendants notice of its recording. Failure to perform this ministerial duty rendered the judgment null and void by mandate of that same statute which says: "The failure to serve a copy of such order . . . shall render such judgment void as to any debtor not so served. . . ." § 8-362.

The authorities seem to be in harmony in holding a void judgment is a mere nullity and ineffective for any purpose. Its status is the same as if it had never been entered. This point is succinctly summed up in 46 Am. Jur. 2d, *Judgments*, § 49 (1969) where it is said:

> "A void judgment is not entitled to the respect accorded to, and is attended by none of the consequences of, a valid adjudication. Indeed, a void judgment need not be recognized by anyone, but may be entirely disregarded or declared inoperative by any tribunal in which effect is sought to be given to it. It has no legal or binding force or efficacy for any purpose or at any place. It cannot affect, impair, or create rights, nor can any rights be based thereon.
>
> Although it is not necessary to take any steps to have a void judgment reversed or vacated, it is open to attack or impeachment in any proceeding, direct or collateral, and at any time or place, at least where the invalidity appears upon the face of the record. It is not entitled to enforcement and is, ordinarily, no protection to those who seek to enforce it. All proceedings founded on the void judgment are themselves re-

garded as invalid and ineffective for any purpose.

In short, a void judgment is regarded as a nullity, and the situation is the same as it would be if there were no judgment. It accordingly leaves the parties litigant in the same position they were in before the trial."

See in addition 49 C.J.S. *Judgments*, § 449, and cases cited in both authorities. The *Restatement of Judgments*, § 11, comment d takes a similar position:

"*Action on the original cause of action.* If the judgment is void, the original cause of action is not merged in the judgment. If the plaintiff brings an action, either in the same State or in a different State, on his original cause of action, the action cannot be defeated by the defendant by setting up the prior judgment, if the prior judgment was void. If an action on the original cause of action is brought in another State, the court is not bound by Article IV, Section 1, of the Constitution of the United States to deny a recovery by the plaintiff, since it is not bound to give full faith and credit to a void judgment rendered in another State."

It is also noted in 2 *Freeman on Judgments*, 1166-67, § 546 (5th ed. 1925), that once a cause of action has been reduced to judgment it "can never again become the basis of a suit between the same parties. It has lost its vitality; it has expended its force and effect. All its power to sustain rights and enforce liabilities have terminated in the judgment or decree. It 'is drowned in the judgment,' . . .." The author then goes on to say at 1182, § 555:

"Merger depends for its existence upon a final judgment . . . . It must also be a valid judgment. . . . If, in support of a plea of judgment recovered, the defendant introduces the proceedings or record of a court, from which it appears

that the plaintiff has taken a judgment which is coram non judice, such judgment will be as unavailing as a defense for the defendant as it would be as a cause of action for the plaintiff. In such cases it is obvious that the judgment produced is in fact no final determination of the rights of the parties, and that no obstacle has intervened to prevent them from seeking such determination. *Though the judgment was valid at its entry, it may be reversed or set aside. In such cases the merger ceases."* (Emphasis supplied.)

Here is but a small sample of innumerable texts that deal with this subject.

Maryland law is in total accord with these authorities.[3] We quote the clear language of Judge Markell speaking for the Court in *State v. Ambrose,* 191 Md. 353, 369, 62 A. 2d 359 (1948). A void judgment " 'may be assailed at all times, and in all proceedings by which it is sought to be enforced.' *Hanley v. Donoghue,* 59 Md. 239, 243, 244, 43 Am. Rep. 554; *Wilmer v. Epstein,* 116 Md. 140, 145, 81 A. 379. In other words, a void judgment is subject to attack either directly by appeal or collaterally. *Pennoyer v. Neff,* 95 U. S. 714, 24 L. Ed. 565; *Staley v. Safe Deposit & Trust Co.,* 189 Md. 447, 455, 56 A. 2d 144, 148; *Keen v. Keen,* 191 Md. 31, 38-40, 60 A. 2d 200, 203-05. It does not constitute *res judicata. Presstman v. Silljacks,* 52 Md. 647; *Josselson v. Sonneborn,* 110 Md. 546, 552, 73 A. 650." See also *Travelers v. Nationwide,* 244 Md. 401, 410, 224 A. 2d 285 (1966) ; *Thomas v. Hardisty,* 217 Md. 523, 536, 143 A. 2d 618 (1958) ; *Board of Zoning Appeals v. Meyer,* 207 Md. 389, 394, 114 A. 2d 626 (1955). The invalidity of the Virginia judgment,

---

**3.** This is also the view of the Supreme Court of Appeals of Virginia as expressed in Harris v. Deal, 189 Va. 675, 54 S.E.2d 161 (1949) where the court said: "A void judgment is in legal effect no judgment. By it no rights are divested and from it no rights are obtained. All claims flowing out of it are void. It may be attacked in any proceeding by any person whose rights are affected."

154

therefore, does not affect the status of the bank's claim based on the original debt. Its status here is the same as if that judgment had never been entered.

We finally comment in bringing this appeal to an abrupt end that the Cooks say it is their "view that appellee is estopped by its own judgment in Virginia. To hold otherwise would mean that appellee has found a new way to nonsuit a case after obtaining a valid judgment. . . ." In reply we simply observe that to hold as appellants request would authorize, by use of narrow technicality, a new way to escape a legal responsibility to repay a just debt.

*Judgment affirmed. Costs to be paid by appellants.*