SOUTHERN PACIFIC COMPANY v. I. X. L. FURNITURE & CARPET INSTALLMENT HOUSE, et al.

No. 2569.   Decided May 9, 1914 (140 Pac. 665).

BANKRUPTCY—LIENS ON EXEMPT PROPERTY—EFFECT. Under Bankruptcy Act July, 1898, chap. 541, 30 Stat. 564, section 67f (U. S. Comp. St. 1901, p. 3449), declaring all liens obtained through legal proceedings against an insolvent within four months of bankruptcy proceedings void, in case he is adjudged a bankrupt, and that the property affected by the lien shall be discharged therefrom, a district court in this state was without

power to condemn the wages of an insolvent in the hands of a garnishee, over his claim of exemption, within four months preceding the filing of his petition in bankruptcy.

Original petition for prohibition by the Southern Pacific Company against the I. X. L. Furniture & Carpet Installment House and another.

WRIT ALLOWED.

*P. L. Williams, George H. Smith,* and *H. B. Thompson* for plaintiff.

*C. Mathison* for defendant, I. X. L. Furniture & Carpet Installment House.

FRICK, J.

This is an original application to this court for a writ of prohibition to prohibit the enforcement of a certain judgment entered against the plaintiff as garnishee. The facts are not in dispute. Briefly stated they are as follows: On May 26, 1913, an execution with a writ of garnishment was duly issued out of the district court of Salt Lake County upon a judgment entered against the defendant Sears, which was in full force and effect. The writ of garnishment was served upon the Southern Pacific Company, the petitioner here, on the same day. On May 29, 1913, pursuant to our statute, the garnishee filed its answer to said writ in which it admitted that it was indebted to Sears, who was then a resident of California, the judgment debtor aforesaid, in the sum of $104.34. On June 13, 1913, said Sears filed his petition in bankruptcy in the District Court of the United States for the Northern District of California, and on said day was by said court duly adjudged a bankrupt. Said bankrupt, in said bankruptcy proceedings, duly filed a schedule of his property, in which was included said sum of $104.34 due and owing him from the garnishee herein, and which money he claimed as exempt under the laws of the State of California, and said court duly adjudged the same

to be exempt as money earned for personal services rendered in said State of California for the garnishee. It is also conceded that Sears fully complied with all the provisions of the laws of the United States relative to the bankruptcy proceedings. On June 14, 1913, one day after said Sears had been adjudged a bankrupt, a judgment was duly entered in the district court of Salt Lake County against said garnishee for the said $104.34, based upon its answer as garnishee, and an execution was thereafter issued. On September 23, 1913, the garnishee made application to the district court of Salt Lake County in which the facts relating to the bankruptcy proceedings were set forth, and in which the money in question was claimed as exempt, and the applicant asked said court to issue an order directing the judgment creditor and the officers who were seeking to enforce the judgment against it to show cause why said judgment should not be annulled and set aside, and said sum of $104. 34 be released from said writ. Such an order was duly issued, and on a hearing the district court aforesaid refused to set aside or to interfere with the enforcement of said judgment whereupon the petitioner filed its application to this court as aforesaid, and an alternative writ was duly issued, to which the interested parties have appeared and answered.

The application is based on section 67f of the bankruptcy act, which, so far as material here, is as follows:

"That all levies, judgments, attachments, or other liens obtained . . . at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same."

Upon the foregoing facts, and in conformity with what we considered the great weight of authority, and more particularly on what is said in the case of *Lockwood v. Exchange Bank,* 190 U. S. 297, 23 Sup. Ct. 751, 47 L. Ed. 1061, we held that the defendant Sears could not claim the wages earned by him in California as exempt under the laws

of this state, since exemption laws have no extra territorial effect. The opinion was handed down on the 14th day of this month. A few days thereafter the attorney for the peti-tioner discovered a very recent case decided by the Supreme Court of the United States entitled *Chicago, B. & Q. R. R. v. Hall,* 229 U. S. 511, 33 Sup. Ct. 885, 57 L. Ed. 1306, in which that court, upon facts and circumstances precisely like those in the case at bar, held that the judgment entered in the garnishment proceedings herein referred to, and by which the exempt wages were attempted to be applied in satisfaction of the judgment in which the writ of garnish-ment was issued, was of no force or effect, for the reason that the said court did not and could not acquire jurisdiction over the exempt wages. An application for a rehearing was there-fore promptly applied for and as promptly granted, and the case was resubmitted at the present term.

Counsel for the defendant I. X. L. Furniture, etc., Co. concedes that under the foregoing decision the writ should be allowed. The gist of the decision in that case, as con-tained in the headnote, is as follows:

"The decisions of the state and lower federal courts in regard to annulment of liens on exempt property have been conflicting, and this court now holds that section 67f annuls all such liens obtained within four months of the filing of the petition, both as against the property which the trustee takes for benefit of creditors and that which may be set aside to the bankrupt as exempt."

The court of last resort, upon the question involved, hav-ing settled it, we most cheerfully comply with the decision of that court. In the opinion the court distinguishes the case of *Lockwood v. Exchange Bank, supra,* upon which we based our former decision. This opinion is therefore sub-stituted for the former one, and will be the only one pub-lished in the case.

In view, therefore, that the district court was powerless to condemn the wages of the defendant Sears while in the hands of the petitioner, as garnishee, without his consent,

and over his claim of exemption at any time within a period of four months preceding the filing of his petition in bankruptcy, the writ of prohibition as prayed for should be allowed. It is so ordered. The petitioner to recover costs.

McCARTY, C. J., and STRAUP, J., concur.