MECHANICS & TRADERS INS. CO. *v.* MCVAY.

## Opinion delivered March 8, 1920.

1. JUSTICE OF THE PEACE—JURISDICTION—WHAT LAW GOVERNS.—In an action on an insurance policy wherein the insurer defended in part upon the ground of the payment of a judgment of a justice of the peace in Tennessee rendered in garnishment proceedings, the legality of the judgment of the justice is governed by the laws of that State.

2. GARNISHMENT—SERVICE OF NOTICE ON AGENT.—Notice of garnishment is insufficient in Tennessee to require appearance and answer by a corporation which is addressed to individuals, naming them as agents of the corporation, and requiring them personally to answer as to the debtor's assets in their hands.

3. GARNISHMENT—NOTICE—WAIVER.—Where notice of garnishment proceedings is served upon agents of a nonresident coroporation, requiring them to appear and answer, appearance and answer of the corporation constitute a waiver of defects in such notice, and give the court jurisdiction over the corporation as garnishee.

4. BANKRUPTCY — JUDGMENT-LIENS.—A judgment declaring a lien upon a debtor's funds in a garnishee's hands, rendered within four months of the filing of a petition in bankruptcy by the debtor, is void, within the Bankruptcy Act, § 67-f (U. S. Comp. Stat., § 9651).

5. BANKRUPTCY — ESTOPPEL.—Where, in an action against an insolvent firm, a judgment in garnishment proceedings against an insurance company, with whom the firm was insured, became a lien within four months prior to the filing of a petition in bankruptcy by the firm, and the insurer set up the subsequent payment of such judgment in satisfaction in part of a claim of the policy, the trustee in bankruptcy was not estopped from setting up the invalidity of the judgment by reason of the Bankruptcy Act, section 67-f, because of statements by the attorneys of the insolvent that the judgment was void for another reason.

6. BANKRUPTCY—TRUSTEE.—A trustee in bankruptcy is trustee of all the creditors, and primarily represents them.

7. BANKRUPTCY—WAIVER.—A bankrupt can not waive the provisions of the Bankrupt Act.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little*, Judge; affirmed.

*Jas. B. McDonough*, for appellant.

1. The judgment of the Tennessee court is valid and binding and the satisfaction of it constitutes a com-

plete defense to appellee's cause of action.  198 U. S.
215; 241 *Id.* 518; 174 *Id.* 710; 200 *Id.* 176; 240 *Id.* 620;
Shinn on Att. & Garn., § 707; 12 Lea (Tenn.), 398; 90
Tenn. 161; 12 Tenn. (4 Yerg.), 461.

2.   Appellee can not now rely upon the insufficiency
of the garnishment service in the Tennessee court.  *Su-
pra.*  See also 45 Ark. 37; 80 *Id.* 543; 33 *Id.* 465; 96 U.
S. 258; 122 Tenn. 248; 100 *Id.* 366.  The courts of Ten-
nessee, as well as other courts, have upheld garnishment
suits of this nature regardless of the question as to the
*situs* of the debt.  3 L. R. A. (N. S.) 608 and note; 91
Tenn. 395; 120 *Id.* 302; 243 U. S. 269; 123 Tenn. 428.
See also 120 Tenn. 302; 14 Am. & Eng. Enc. of L. 801.

3.   The Tennessee judgment being valid, defendant
is fully protected by the full faith and credit clause of
the U. S. Constitution.  Const. U. S., § 1, art. 4; 222
Fed. 453; 174 U. S. 710; 241 *Id.* 518; 198 *Id.* 215; 240 *Id.*
620; 132 Mass. 432; 238 Fed. 285; 242 U. S. 357; 243
*Id.* 271; 189 S. W. 784; 84 S. E. 482; 113 Ark. 467.

4.   The adjudication in bankruptcy of Flynn & Rit-
ter did not affect or destroy the garnishment lien of the
Austin Clothing Company in the Tennessee court.
Bankruptcy Act, §§ 67, 67-c, 67-f, of Fed. Stat. Anno.,
pp. 1112-1130; 178 Fed. 187; 194 *Id.* 793; 115 *Id.* 906; 47
S. W. 1087; 59 So. Rep. 6; 94 Fed. 476; 1 Fed. Stat.
Anno., p. 1113; 185 Fed. 931; 108 Fed. 529; 102 Miss 160.
An adjudication in bankruptcy does not invalidate
the issuance of an attachment.  126 App. Div. 48; 111
N. Y. 102; 38 S. E. 918; 187 U. S. 165; Collier on Bank-
ruptcy, 1087 and notes; 125 Fed. 154.

5.   The claim is barred by limitation in the policy
of insurance.  71 N. W. Rep. 172; 21 *Id.* 781.

*Daily & Woods,* for appellee.

1.   The garnishment was valid and a lien on the
funds in the hands of the insurance company.  229 U.
S. 511; 30 Am. B. R. 619; 140 Pac. 665; 32 Am. B. R.
327; 151 N. W. 752; 34 Am. B. R. 678; 107 Tenn. 148; 64 S.
W. 48.  The judgment was rendered within four months,

and the insurance company's answer as garnishee was filed within the four months period, and the lien commenced when the insurance company filed its answer as garnishee. It admitted its indebtedness. There was no waiver by the letters written by the agent of Flynn & Ritter.

2. No reply to the set-off was necessary, as it was waived. 69 Ark. 114.

3. The suit is not barred by any provision in the policy. Kirby & Castle's Digest, § 5108.

WOOD, J. Appellant is a fire insurance company of New Orleans, Louisiana. Flynn & Ritter were general merchants, doing business at Monroe, Oklahoma. They had a policy of insurance on their stock of merchandise with appellant. The merchandise was destroyed by fire March 26, 1917. Flynn & Ritter became bankrupt. The appellee, as trustee of their estate in bankruptcy, brought this action against the appellant to recover the sum of $1,000 alleged to be due Flynn & Ritter on their policy.

After the destruction of the stock of merchandise of Flynn & Ritter the loss was adjusted at the sum of $1,000, as the amount which the appellant, by compromise agreement, was willing to pay.

The general agents of appellant in a letter to the attorney of Flynn & Ritter, on September 22, 1917, stated that they were ready to make payment of the above sum as soon as a suit of Austin Clothing Company against Flynn & Ritter, pending in the justice court in Memphis, Tennessee, was dismissed and a certificate given to appellant to that effect. The suit referred to in the letter was a suit brought by the Austin Clothing Company, a corporation, against Flynn & Ritter, in which appellant had been garnisheed. The writ of garnishment against appellant in that suit was directed to and ran in the name of S. M. Williamson & Company, agents, and not in the name of appellant. The ap-

pellant, though a Louisiana corporation, was duly authorized to do business in Tennessee.

The return of the sheriff on the writ was as follows: "Garnisheed S. M. Williamson & Company, agents for the Mechanics & Traders Insurance Company of New Orleans, Louisiana." No personal service was had on Flynn or Ritter and no property of theirs seized.

The attorney of Flynn & Ritter, on October 10, 1917, wrote the general agent of appellant to the effect that the justice court of Memphis did not have jurisdiction over the parties or the subject-matter, giving as a reason that "the situs of the debt was such that the Austin Clothing Company could not legally attach funds in the hands of the insurance company owing Flynn & Ritter."

Appellant, in November, 1917, answered the garnishment issued in the suit of Austin Clothing Company against Flynn & Ritter and set up that under a fire policy, issued by it in favor of Flynn & Ritter, it owed the latter the sum of $1,000.

After the filing of this answer, judgment was rendered by the justice on the 15th of December, 1917, in favor of the Austin Clothing Company against Flynn & Ritter in the sum of $440 and against the appellant in the sum of $462.78. Appellant paid the amount of the judgment against it March 20, 1918.

Flynn & Ritter were adjudged bankrupts January 15, 1918, and the appellee as trustee, as above stated, instituted this action.

Appellant answered and admitted that it owed Flynn & Ritter the sum of $527.22 and alleged that it had tendered that sum to the appellee. It further set up the proceedings above mentioned and the judgment rendered against it by the justice court of Tennessee as a defense to any further judgment in the present action. It alleged that the lien of that judgment was binding from the 11th of April, 1917, the date upon which the writ of garnishment was served upon appellant's agent.

The above are the material facts upon which judgment was rendered in favor of the appellee for the sum of $1,000 with interest, from which is this appeal.

*First.* The appellant contends that the judgment of the justice court of Tennessee against it' was valid and binding, and that the satisfaction of such judgment by it constitutes a complete defense to the appellee's cause of action.

The appellant is correct in his contention that the legality of the judgment of the Tennessee court is governed by the laws of Tennessee, and that according to those laws the judgment rendered against it by the justice court in Tennessee is valid. See *Harris* v. *Balk,* 198 U. S. 215; *B. & O. R. R. Co.* v. *Hostetter,* 240 U. S. 620; *N. Y. Life Ins. Co.* v. *Dunlevy,* 241 U. S. 518; *L. & N. R. R. Co.* v. *Deer,* 200 U. S. 176; Shinn on Attachment & Garnishment, § 707.

It does not follow, however, that because the judgment of the Tennessee court was valid and binding at the time it was rendered, the satisfaction of that judgment is a defense to the present action.

In *Kittrell* v. *Perry Lumber Co.,* 107 Tenn. 148, it is held (quoting syllabus) that: "Notice of garnishment is insufficient to require appearance and answer by a corporation which is addressed to an individual, naming him as agent of the corporation, and only requiring him personally to answer as to the debtor's assets in his hands."

The writ of garnishment in that case was in all essential particulars the same as in the case at bar. The service of the writ upon S. M. Williamson & Company, agents of appellant, did not give the justice court of Tennessee jurisdiction over appellant according to the above decision, and if that were all, the judgment of the Tennessee court against appellant in the garnishment proceeding would have been void. But the proof shows that appellant in November, 1917, filed an answer to the garnishment. It was *this appearance and answer of the garnishee* which operated as a waiver of the defects in the summons and gave the Tennessee court jurisdiction

over the appellant. *Moody & Bigelow* v. *Alter-Winston & Co.,* 12 Heiskell 142; see also *Hearn* v. *Gruther,* 4 Yerger's, 461-74; *Railway* v. *Brooks,* 90 Tenn. 161.

The lien of the judgment in the garnishment proceeding must, therefore, date from the time of the appearance of the appellant in that proceeding, and not from the date of service of summons upon its agent.

Flynn & Ritter filed their petition in bankruptcy and were adjudicated as bankrupts on January 15, 1918. The lien of the judgment in the garnishment proceeding must run from some time in November, 1917, when appellant first appeared in that proceeding. The time when that lien was obtained was less than two and a half months prior to the adjudication in bankruptcy.

Section 67-f of the Bankruptcy Act, among other things, declares that: "All * * * liens, obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him shall be deemed null and void in case he is adjudged a bankrupt and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt."

In *Chicago, B. & Q. R. R. Co.* v. *Hall,* 229 U. S. 511-16, the Supreme Court of the United States, construing this section, said: "Barring exceptional cases which 'are especially provided for, the policy of the act is to fix a four-months period in which a creditor can not obtain an advantage nor a lien against a debtor's property. 'All liens obtained by legal proceedings within that period are declared to be null and void.' That universal language is not restricted by the later provision that the property affected by the * * * lien shall be released from the same and pass to the trustee as a part of the estate of the bankrupt." The court further said: "The liens rendered void by section 67-f are those obtained by legal proceedings within four months. The section does not,

however, defeat rights in the exempt property acquired by contract or by waiver of the exemption."

Flynn & Ritter were insolvent from March 26, 1917, the day on which their stock of merchandise was destroyed by fire. It is not claimed by the appellant that the Austin Clothing Company had acquired by contract with Flynn & Ritter or by their waiver any right in the funds in controversy. Appellant only contends that the Austin Clothing Company had obtained a lien thereon by virtue of its judgment in the garnishment which appellant was bound to pay.

The lien and satisfaction of this judgment would have been a protection to the garnishee and a complete defense to an action in ordinary proceedings brought against it by Flynn & Ritter. Shinn on Attachments & Garnishments, § 707.

But since this is an action brought by the trustee in bankruptcy of Flynn & Ritter, the case is governed by the law applicable to such proceedings. This case is, therefore, ruled by the decision of the Supreme Court of the United States in *Chicago, B. & Q. R. R.* v. *Hall, supra.*

Since the date of the lien of the judgment of the garnishment proceeding was within the period of four months prior to the filing of Flynn & Ritter's petition in bankruptcy, the judgment was void according to that case and the satisfaction thereof no defense to this suit. See, also, *S. Pac. Co.* v. *I. X. L. Furniture Co.,* 140 Pac. 665, 32 Am. Br. Rep. 327; *Wilson* v. *Van Buren F. Mutual Fire Ins. Co.,* 151 N. W. 752, 34 Am. Br. Rep. 678

*Second.* The appellant contends that the appellee is estopped from denying that the judgment in the garnishment proceeding and the satisfaction thereof is a complete defense to this action. This contention is grounded upon certain letters written by the attorney of Flynn & Ritter to the general agents of the appellant during the pendency of the garnishment proceedings and concerning those proceedings. Those letters disclosed that the attorney of Flynn & Ritter was protesting that the jus-

tice court of Tennessee had no jurisdiction of the appellant. The reason given in one of the letters is as follows: "The question I desire to raise in this case is as to the situs of the debt, and if neither the garnishee nor the principal debtor was a resident of the State of Tennessee, or proper service has not been had on your company, it is my desire to raise the question of jurisdiction and attack this judgment on that ground."

The appellant contends that because the attorney in this correspondence did not expressly insist on the insufficiency of the service of the writ of garnishment to give the Tennessee court jurisdiction over appellant, but urged another reason, that appellant thereby waived the right to insist on the insufficiency of that service and is estopped to deny the validity of the judgment there obtained as a defense to the present action.

In these contentions the learned counsel for appellant overlook the real merits of this controversy. This suit is not a suit by Flynn & Ritter against appellant to recover in their own right the $1,000 which appellant promised to pay in settlement of the policy of insurance! If this were such a suit, there might be some plausibility in appellant's contention that Flynn & Ritter would be estopped by the conduct of their attorney. The correspondence was all had concerning the garnishment proceeding in the Tennessee court, and the judgment was rendered in that proceeding before the petition of Flynn & Ritter in bankruptcy was filed and before they were adjudicated bankrupt and the appointment of the appellee as trustee of their estate in bankruptcy. Therefore, whatever may have been said by the attorney of Flynn & Ritter to the general agents of the appellant concerning the garnishment proceeding could not have operated as a waiver by appellee of the right to set up the invalidity of the judgment in the garnishment proceeding nor estop appellee from setting up the invalidity of such judgment as a defense to this action.

Appellee in this action does not stand in the shoes of Flynn & Ritter individually, but he is the trustee

of all their creditors and primarily represents them. He, and the bankrupt firm of Flynn & Ritter, and all their general creditors, are alike bound by the bankruptcy act, which, as we have seen, annulled the lien of the judgment in the garnishment proceedings, not because of the insufficiency of the service on the appellant, as garnishee in those proceedings, but because the lien of the judgment in those proceedings was not obtained within a period of four months prior to the adjudication in the bankruptcy proceedings. It is not within the province or power of the bankrupt to waive and thus nullify the provisions of the bankruptcy law.

The petition in bankruptcy sets in motion the provisions of that law, and the adjudication in bankruptcy operates for the benefit not only of the bankrupt but also for his general creditors as well.

Other questions are raised by counsel for the appellant which we have considered but do not find them of sufficient importance to discuss in this opinion.

We find no reversible error in the record, and the judgment is, therefore, affirmed.