## TEIGER v. STEPHAN ODERWALD, Inc., et al.

District Court, S. D. New York.
Jan. 4, 1940.

Michael Berman, of New York City, for plaintiff.

Maxwell Berman, of New York City, for defendant Tallack Hellman, Inc.

LEIBELL, District Judge.

Plaintiff moves under Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, to strike out the first, second, third, fourth, fifth and sixth affirmative defenses set forth in the answer of one of the defendants, Tallack Hellman, Inc., on the grounds that said defenses are not sufficient as a matter of law and are immaterial and redundant. Said defendant makes a cross-motion for an order permitting it to amend its answer so as to set up the defense of laches.

The complaint, by a trustee in bankruptcy, asserts two causes of action, under Section 60, sub. b, of the Bankruptcy Act, 11 U.S.C.A. § 96, sub. b, and Section 15 of the New York Stock Corporation Law, Consol.Laws N.Y. c. 59, to recover certain allegedly preferential payments received by the defendant from the bankrupt. The affirmative defenses, with the exception of the sixth which said defendant admits should be stricken, may be classified as follows:

The first and second affirmative defenses allege that at the time defendant Hellman accepted the moneys in question from the bankrupt it was on the bankrupt's representations that the payment was in full settlement of defendant's claim and that all other creditor's claims of the same class were being settled and adjusted. It is asserted that defendant Hellman accepted the money in reliance upon these representations and delivered a release to the bankrupt and to the surety company on bankrupt's contract.

The third and fourth affirmative defenses repeat the allegations contained in the first and second affirmative defenses and in addition allege that all the other creditors of the same class as the defendant in fact have been paid or adjusted, that a similar adjustment was made with them, and that any repayment by the defendant would constitute a preference to all other creditors to the detriment of this defendant.

The fifth affirmative defense alleges that the petition in bankruptcy is defective in that two of the three petitioning creditors have no provable claim.

The objection raised with respect to the first two defenses is that they are founded upon representations made by the bankrupt, which are in no way binding on the trustee. As to the third and fourth defenses, plaintiff argues that they plead affirmatively as defenses matters which the plaintiff trustee must prove as part of his case. The fifth affirmative defense is objected to on the ground that it amounts to a collateral attack on the adjudication of the bankruptcy.

Plaintiff's motion should be granted. In an action to recover a preference, representations made by the bankrupt are not material, except insofar as they constitute notice of bankrupt's insolvency. See Mechanics' & Traders Ins. Co. v. McVay, 142 Ark. 522, 219 S.W. 34, 45 Am. Bankr.Rep. 227, 233. In respect to the representations, there is no privity between the trustee and the bankrupt and the doctrine of estoppel is inapplicable to the trustee. In re Gustav Schaefer Co., 6 Cir., 103 F.2d 237, 239.

The third and fourth defenses are objectionable for the reasons asserted by plaintiff. It is well settled that in order to recover the preferential payments the trustee in bankruptcy must prove that in fact the payments to the defendant were preferential and resulted in his receiving a greater share of the assets of the estate. Palmer Clay Co. v. Brown, 297 U.S. 227, 56 S.Ct. 450, 80 L.Ed. 655; Bronx Brass Foundry Co. v. Irving Trust Co., 297 U.S. 230, 56 S.Ct. 451, 80 L.Ed. 657.

The fifth defense must also fall. There can be no collateral attack upon the adjudication in bankruptcy. See Fairbanks Steam Shovel Co. v. Wills, 240 U.S. 642, 36 S.Ct. 466, 60 L.Ed. 841; Huttig Mfg. Co. v. Edwards, 8 Cir., 160 F. 619, 622.

Defendant's cross-motion for leave to amend its answer so as to assert the defense of laches does not appear to have been opposed. The motion is addressed to the discretion of the court and it is my understanding that such motions are usually granted unless some prejudice to the plaintiff will result. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires". So far as can be ascertained, no prejudice will be caused by

the granting of defendant's motion. Judge Conger has ruled favorably as to the sufficiency of a similar defense pleaded by the other defendant to this action. This defendant's cross-motion for leave to amend its answer is granted.

Submit order, on notice, in accordance with this memorandum.