In re BEST PACK SEAFOODS, INC., Debtor.

HARVEY HOOPER LOBSTERS LIMITED, Plaintiff,

v.

BEST PACK SEAFOODS, INC., Defendant.

Bankruptcy No. 281–00181.
Adv. No. 281–0068.

United States Bankruptcy Court, D. Maine.

April 1, 1983.

David Hillman, Verrill & Dana, Portland, Me., for plaintiff.

Peter Plumb, Clarke Hambley, Jr., Murray, Plumb & Murray, Portland, Me., for defendant.

Daniel Amory, Portland, Me., for trustee.

MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

The trustee in this chapter 11 case seeks a declaration that an attachment by trustee process in favor of Harvey Hooper Lobsters Limited on a debt due from Doc's Lobster Company Limited to the debtor, Best Pack Seafoods, Inc., is an avoidable preference. Harvey Hooper moves to dismiss the trustee's adversary proceeding and asserts sev-

en affirmative defenses. The trustee moves to strike the affirmative defenses. The motion to dismiss will be denied and the motion to strike will be granted.

In February 1981, Hooper sold goods to Best Pack. Best Pack paid Hooper with checks, which were subsequently dishonored by Best Pack's bank. Hooper commenced an action against Best Pack in the Cumberland County Superior Court. The Superior Court granted Hooper's ex parte motion for attachment on trustee process on March 30, 1981. A debt, owed to Best Pack by Doc's, was attached on trustee process on April 2, 1981. Best Pack filed a petition under chapter 11 on April 8, 1981, and a trustee was appointed. On May 28, 1981, the trustee removed the superior court action to this court.

By counterclaim the trustee asserts that Hooper's attachment constitutes an avoidable preference under 11 U.S.C.A. § 547(b) (1979). Hooper moves to dismiss the trustee's adversary proceeding on three grounds: 1) this court lacks jurisdiction under *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982); 2) a preference action must be commenced by filing a complaint; and 3) the adversary proceeding must be dismissed because of the inequitable conduct and bad faith of Best Pack and Donald Barnes, Best Pack's president and sole shareholder. Hooper also asserts lack of jurisdiction and fraud as affirmative defenses. The trustee moved to strike the affirmative defenses.

■ Hooper asserts that this court lacks jurisdiction after *Northern Pipeline.* In response to *Northern Pipeline* and effective December 25, 1982, the Rules of the District Court for the District of Maine were amended to add new Rule 41. Under Rule 41, bankruptcy courts retain the extensive jurisdiction given to them by the Bankruptcy Code of 1978 with the qualification that dispositions of "related proceedings" are reviewed by the United States District Court. D.Me.R. 41(c)(1), (d). "Proceedings to set aside preferences" are not related proceedings. D.Me.R. 41(d)(3)(A). Thus, the court

retains jurisdiction over this preference action. *See Pennels v. Barnes (In re Best Pack Seafood, Inc.),* Adv. No. 281–0277, slip op. at 2–3 (Bankr.D.Me. Jan. 10, 1983).

■ Hooper argues that preference actions must be commenced by complaint. Federal Rule of Civil Procedure 13(b), applicable to adversary proceedings through Bankruptcy Rule 713, provides that parties may state as a counterclaim "any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." Federal Rule of Civil Procedure 5, applicable to adversary proceedings through Bankruptcy Rule 705, provides that service shall be made by delivering or mailing a copy of the counterclaim to the opposing party's attorney. Thus, Best Pack's trustee properly commenced this preference action by counterclaim.

■ Finally, Hooper asserts that the trustee is barred and estopped from maintaining his action by the alleged inequitable conduct, fraudulent representations, and unclean hands of Best Pack and Donald Barnes. When a trustee seeks to assert a debtor's cause of action against a third party the trustee stands in the debtor's shoes and is subject to all valid claims and defenses, including inequitable conduct, which the third party has against the debtor. *Miller v. New York Produce Exchange,* 550 F.2d 762, 767–68 (2d Cir.1977); *Mutual Trust Life Insurance Co. v. Wemyss,* 309 F.Supp. 1221, 1231 (D.Me.1970). When seeking to avoid a preferential transfer, however, the trustee is not asserting a cause of action belonging to the debtor but asserting an action in a representative capacity for general unsecured creditors. *Boyle Co. v. Wells (In re Gustav Schaeffer Co.),* 103 F.2d 237, 241 (6th Cir.), *cert. denied,* 308 U.S. 579, 60 S.Ct. 96, 84 L.Ed. 485 (1939). As stated by the court in *Teiger v. Stephen Oderwald, Inc.,* 31 F.Supp. 626, 627 (S.D.N.Y.1940) (citations omitted), "[i]n an action to recover a preference, representations made by the bankrupt are not material. . . . In respect to the representations, there is no privity between the trustee and the

bankrupt and the doctrine of estoppel is inapplicable to the trustee." *See In re Gustav Schaeffer Co.,* 103 F.2d at 241. Thus, the alleged inequitable conduct of Best Pack and Donald Barnes cannot be asserted as a defense to the trustee's preference action.

An appropriate order will be entered.