**RE–ACE, INC. Plaintiff**

v.

**WHEELED COACH INDUSTRIES, INC., et al. Defendants**

**No. CIV.03–1285(CCC/GAG).**

United States District Court,
D. Puerto Rico.

May 5, 2004.

Alfredo Fernández Martínez, San Juan, PR, for Plaintiff.

Eyck O. Lugo Rivera, Graciela Belaval, Martínez, Odell & Calabria, LLP., San Juan, PR, for Defendant.

## OPINION AND ORDER

GELPI, United States Magistrate Judge.

Before the Court is plaintiff's *Motion Requesting Reconsideration* (Docket No. 120) and defendant's *Opposition* thereto (Docket No. 133). Plaintiff requests that the Court allow it to amend the complaint, which was filed on March 14, 2003 (Docket No. 1). On April 29, 2004, the Court denied the plaintiff's motion to amend the complaint (*see* Docket Nos.104 and 118). However, given the plaintiff's insistence in revisiting the matter, the Court is compelled to elaborate its ruling.

In the Complaint, plaintiff sought recovery of damages from defendant for an alleged illegal termination of an exclusive distribution agreement in violation of the Puerto Rico Dealers Act, commonly known as "Law 75", P.R. Laws Ann.tit. 10 §§ 278–278 d. Plaintiff also moved for injunctive relief as provided by Article 3 A of said statute, P.R. Laws Ann. tit. 10 § 278 b–1 (*see* Docket No. 2). No other causes of action were presented by plaintiff.

Following an evidentiary hearing, this Court granted the Law 75 injunction sought by plaintiff. *Re–Ace, Inc. v. Wheeled Coach Industries, Inc.*, 270 F.Supp.2d 223 (D.P.R.2003). The Court's ruling was subsequently affirmed on appeal by the Court of Appeals for the First Circuit. *Re–Ace, Inc. v. Wheeled Coach Industries, Inc.*, 363 F.3d 51 (1st. Cir. 2004).

Presently, plaintiff has moved to amend the complaint so as to add two additional causes of action, to wit, a claim for illegal termination of an exclusive sales representative agreement in violation of P.R. Laws Ann. tit. 10 § 279 ("Law 21"), and a breach of contract claim pursuant to Articles 1054–1061 of the Puerto Rico Civil Code, P.R. Laws Ann tit. 31 §§ 3018–3025.

Defendant, on the other hand, contends that plaintiff, having enjoyed the benefit of a Law 75 preliminary injunction for over nine months, should not be allowed now to amend the complaint so as to state alternative causes of action inconsistent with its initial theory. In other words, by convincingly arguing, both before this Court and the First Circuit, that it is a Law 75 dealer, and thus, obtaining injunctive relief, plaintiff has foreclosed other viable theories for relief.

Defendant's argument finds support in the doctrine of "judicial estoppel". Said doctrine bars a party who successfully urges a particular position in a legal proceeding from subsequently taking a contrary position. *See generally New Hampshire v. Maine*, 532 U.S. 742, 749–752, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001); *Intergen v. Grina*, 344 F.3d 134, 144–145 (1st Cir.2003); *RF Delaware, Inc. v. Pacific Keystone Technologies, Inc.*, 326 F.3d 1255, 1261–1262 (Fed.Cir.2003); *Data General Corp. v. Johnson*, 78 F.3d 1556, 1565 (Fed.Cir.1996); *Murray v. Silberstein*, 882 F.2d 61, 65–66 (3rd Cir.1989). "Judicial estoppel is designed to prevent the perversion of the judicial process and, as such, is intended to protect the courts rather than the litigants." *Data Gen.*, 78 F.3d at 1565. Said doctrine "prevents a

litigant from pressing a claim that is inconsistent with a position taken by that litigant whether in a prior proceeding *or in an earlier phase of the same legal proceeding.*" *Intergen,* 344 F.3d at 144 (*citing Pegram v. Herdrich,* 530 U.S. 211, 277 n. 8, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000)) (emphasis added).

 The doctrine of judicial estoppel can be readily invoked within a case involving a preliminary injunction proceeding which resulted favorably to the party requesting such equitable remedy. *See* Michael D. Moberly, *If at First You Do Succeed: Judicial Estoppel in New Mexico's State and Federal Courts,* 29 N.M.L.Rev. 201, 222 (Winter 1999) (*citing Murray v. Silberstein, supra* ); Wright, Miller & Cooper, 18 B *Federal Practice & Procedure* 2d § 4477 (2004 Supp.). The doctrine of judicial estoppel also can be invoked where a party attempts to amend the complaint *subsequent* to the issuance of any substantive ruling addressed to the original complaint. *Cf. Intergen,* 344 F.3d at 144 (judicial estoppel not applicable where amended complaint filed prior to the issuance of any substantive ruling).

In the case at hand, in order for plaintiff to prevail on its Law 75 theory at the preliminary injunction stage, it had to convince the Court that it was likely a "dealer" under said statute. If evidence tended to demonstrate that, rather than a dealer, plaintiff was an exclusive sales representative or a mere contracting party, the injunction would not have been issued. Plaintiff, however, convinced the Court that it was entitled to the protection of Law 75. More so, when defendant argued that plaintiff was an exclusive sales representative (Docket No. 40), plaintiff countered that it was not (Docket No. 48).

Accordingly, the Court concludes that plaintiff's request to amend the complaint is foreclosed by the doctrine of judicial

estoppel. Plaintiff's motion (Docket No. 120) is, thus, **DENIED.**

**SO ORDERED.**